# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **CHRISTOPHER ENEVOLDSEN,** ) | |
| ) | |
| Plaintiff, ) | Case No. 7:19CV00795 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **HAROLD CLARKE, ET AL.,** ) | By: James P. Jones |
| ) | United States District Judge |
| ) | |
| Defendants. ) | |

*Christopher Enevoldsen, Pro Se Plaintiff; Ann-Marie White, Assistant Attorney General, OFFICE OF THE ATTORNEY GENERAL, Richmond, Virginia, for Jeffrey Kiser, Warden of Red Onion State Prison.*

This case is presently before me on Plaintiff Christopher Enevoldsen's motion seeking a preliminary injunction directing officials at Red Onion State Prison ("Red Onion") to transfer him out of an allegedly dangerous situation in the protective custody unit ("PCU").[1] Given evidence provided by the Red Onion warden in

---

[1] Because Enevoldsen titled his initial submission, "Emergency Inju[n]ction," the court construed and docketed it as both a § 1983 Complaint and a separate Motion for Preliminary Injunctive Relief. Since then, Enevoldsen has filed documents, ECF Nos. 6 and 16, alleging actions the defendants and other prison officials have taken to retaliate against him for filing this lawsuit. He asks the court to contact the Federal Bureau of Investigation. He is advised, however, that he cannot bring a lawsuit about these recent events until he has exhausted available administrative remedies on these issues, as required under 42 U.S.C. § 1997e(a). Therefore, I will not construe these submissions as amendments to his Motion for Preliminary Injunctive Relief. Moreover, Enevoldsen cannot use a court action to procure a federal criminal investigation of Red Onion conditions.

response, I find that Enevoldsen's motion for interlocutory injunctive relief must be denied.

I.

In Enevoldsen's motion, ECF No. 2, he alleges that the defendant prison officials have "threatened [his] life, harassed, and, belittled [him] daily over the past four months," causing him to "fear for [his] life." Mot. Prelim. Inj. 1, ECF No. 2. He also asserts that they have "stolen" food items from his property, taken his "paperwork of dates, times, and specifics on incidents," and

> man handled [him] several times for no reason causing mental and physical pain. . . . [he was] housed in [the PCU], where [he] should not be, and did not ask to come to, [he has] sig[ned] off twice to be removed but [is] constantly denied which is a violation of [his] 14th admendment [sic] right to due process. [He is] an active gang member who is being housed in a cell with, a sex offender and an ex-law enforcement officer, which should not be happening. . . . [He] fear[s] for [his] life from the defendants.

*Id.* The defendants to the Complaint are Harold Clarke, Director of the Virginia Department of Corrections ("VDOC"), and three Red Onion officers, Collins, Lambert, and Elridge. As relief, Enevoldsen wants to be transferred out of the PCU to a lower level prison to avoid retaliation.

By order entered on December 2, 2019, the court directed the Red Onion warden to respond to Enevoldsen's allegations, and the warden has done so. The warden offers the affidavit of Unit Manager Collins to support his contention that

Enevoldsen has been properly housed in the PCU status at Red Onion for his own safety. *See* Resp. Opp'n Mot. Prelim. Inj., Collins Aff. ¶ 4, ECF 5-1.

In the Virginia Department of Corrections ("VDOC"), the PCU is only for offenders who are assigned Security Level P. Central Classification Services ("CCS") at VDOC headquarters in Richmond, Virginia, evaluates inmates and assigns their security levels as CCS deems appropriate. The VDOC has two PCU housing areas — one at Red Onion and one at Sussex I State Prison. Inmates in the Red Onion PCU have the same privileges as general population assigned to Security Level 3. They have access to commissary, a microwave, and an ice dispenser; they can have jobs in the PCU; and with other PCU inmates, they can attend education and re-entry classes, go to religious services, and have family visitation. PCU inmates are not allowed to work in common areas such as the kitchen or laundry, because they cannot have any contact with other inmates who are not also classified as PCU inmates.

Enevoldsen was assigned to Security Level P and transferred to the Red Onion PCU on August 8, 2019, after he complained that he feared for his safety at Baskerville Correctional Center. Shortly thereafter, he spoke to Collins and stated that he no longer wished to be assigned to the PCU. Officials conducted an Institutional Classification Authority ("ICA") hearing, where Enevoldsen told them that he wished to transfer to Coffeewood Correctional Center ("Coffeewood") to be

in the re-entry program there and to be closer to his father who is critically ill. The ICA recommended reassignment from Security Level P to Security Level 1, based on Enevoldsen's security score, the fact that he had been infraction free for 22 months, and his completion of all available programs. Red Onion officials recommended his transfer to Coffeewood and forwarded that recommendation to the CCS for a final determination.

The CCS disapproved a transfer for Enevoldsen and noted that Security Level P and PCU status were still an appropriate assignment for him. According to Collins, who investigated the decision, CCS wanted to ensure Enevoldsen's safety in light of several statements he had made about various VDOC facilities where he had previously been incarcerated. Thus, it is Collins' understanding that Enevoldsen continued to be housed in the Red Onion PCU "for his own protection." Collins Aff. at ¶ 10.

Collins also states that Enevoldsen is not housed with a sex offender or a former law enforcement officer. For a five-day period in November 2018, Enevoldsen was assigned a cell with inmate Steer-Smith, who is a former law enforcement officer. On November 26, 2019, however, Steer-Smith was moved to a different PCU cell, and inmate Weaver, newly assigned to the PCU, was assigned to the cell with Enevoldsen. Collins states, "Weaver appeared to be a better cellmate

match" for Enevoldsen.  *Id.* at ¶ 11.  Collins is not aware that Enevoldsen lodged any complaints about being in the same cell with Weaver.

II.

Because preliminary injunctive relief is an extraordinary remedy, the party seeking such relief must make a clear showing "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  Each of these four factors must be satisfied.  *Id.*

As an initial matter, Enevoldsen's request for interlocutory relief appears to be moot.  The VDOC's inmate locator program online indicates that Enevoldsen is now confined at Green Rock Correctional Center.  As such, it appears that his request for interlocutory injunctive relief concerning living conditions at Red Onion are moot.  *See Rendelman v. Rouse*, 569 F.3d 182, 186 (4th Cir. 2009) ("[A]s a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive . . . relief with respect to his incarceration there.").

In any event, the defendants' evidence indicates that prison officials confined Enevoldsen in the PCU out of continued concern for his safety.  Their evidence indicates that his concerns over particular cellmates were promptly addressed.  Moreover, the record indicates that the defendant Red Onion officials agreed that a

transfer out of the Red Onion PCU in 2019 was appropriate, given Enevoldsen's record. The decision to deny the transfer he had requested came from other officials who are not defendants to this lawsuit.

Given this record, I cannot find that Enevoldsen has presented facts demonstrating that he is likely to suffer irreparable harm in the absence of the extraordinary interlocutory court relief that he has requested. *Winter*, 555 U.S. at 20.

### III.

For the stated reasons, it is **ORDERED** that Enevoldsen's Motion for Preliminary Injunctive Relief, ECF No. 2, is DENIED.

ENTER: May 7, 2020

/s/  JAMES P. JONES
United States District Judge